UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

FOREMOST INSURANCE COMPANY,  :
          Plaintiff,  :
          :
      v.  :  No. 5:17-cv-02843
          :
NOSAM, LLC; GINA SYLVESTRE;  :
JEFFREY LEBRUN; and BARBARA LEBRUN,  :
          Defendants.  :

**O P I N I O N**
**Plaintiff's Motion for Summary Judgment, ECF No. 15 – Denied without prejudice**

**Joseph F. Leeson, Jr.**                                                            January 11, 2018
**United States District Judge**

**I.    BACKGROUND**

This action arises out of a personal injury complaint filed in the Berks County Court of Common Pleas, alleging that Gina Sylvestre, Barbara LeBrun, and Jeffrey LeBrun suffered carbon monoxide poisoning at their residence in Reading, Pennsylvania. Nosam, LLC and Cathy Kopicz[1] are the owners and landlords of the property. In the state action, Gina Sylvestre, Barbara LeBrun, and Jeffrey LeBrun claim that Nosam, LLC and Cathy Kopicz were negligent in failing to ensure that the furnace was safe, which caused them to suffer carbon monoxide poisoning. Nosam, LLC and Cathy Kopicz sought a defense and indemnification from Foremost Insurance Company ("Foremost") pursuant to their insurance policy ("Policy").

Foremost has filed a complaint for declaratory judgment in this Court, seeking a declaration that it does not owe a duty to defend, nor a duty to indemnify, Nosam, LLC and

---

[1]     The state action names Cathy "Copicz," but the instant complaint refers to Cathy "Kopicz." This Court utilizes the spelling from the federal complaint.

Cathy Kopicz[2] in the state court action. Foremost contends that the Policy excludes coverage for bodily injury or property damage arising "out of the actual, alleged or threatened discharge, dispersal, release, escape of, or the ingestion, inhalation or absorption of pollutants." (Pollution Exclusion).

Following a preliminary pretrial conference, this Court directed the parties to submit letter briefs addressing whether this Court should exercise jurisdiction under the Declaratory Judgment Act ("DJA"). *See* Order dated November 13, 2017, ECF No. 14. Without setting a discovery schedule, this Court also directed Plaintiff to file a motion for summary judgment no later than December 18, 2017. *Id.*

## II.   STANDARD OF REVIEW

The DJA provides that "any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party. . . ." 28 U.S.C. § 2201 (emphasis added). The DJA "created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). The United States Supreme Court held that where "the District Court ha[s] jurisdiction of the suit under the Federal Declaratory Judgments Act, it [is] under no compulsion to exercise that jurisdiction." *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494 (1942).

"The Supreme Court and [the Third] Circuit have long noted the importance of pending parallel state proceedings as a consideration in a district court's exercise of jurisdictional discretion under the DJA." *Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 143 (3d Cir. 2014). Although "the existence or non-existence of pending parallel state proceedings is but one factor for a district court to consider," "the absence of pending parallel state proceedings militates

---

[2]   Cathy Kopicz was terminated as a party to this action on August 23, 2017.

significantly in favor of exercising jurisdiction, although it alone does not require such an exercise." *Id.* at 145. "[D]istrict courts declining jurisdiction should be rigorous in ensuring themselves that the lack of pending parallel state proceedings is outweighed by opposing factors." *Id.* at 144. These factors include:

(1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;

(2) the convenience of the parties;

(3) the public interest in settlement of the uncertainty of obligation;

(4) the availability and relative convenience of other remedies;

(5) a general policy of restraint when the same issues are pending in a state court;

(6) avoidance of duplicative litigation;

(7) prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for res judicata; and

(8) (in the insurance context), an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion.

*Reifer*, 751 F.3d at 146 (discussing *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942), and *State Auto Ins. Cos. v. Summy*, 234 F.3d 131, 134 (3d Cir. 2000)).

"Inversely, the existence of a parallel state proceeding 'militates significantly in favor of declining jurisdiction.'" *Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 282 (3d Cir. 2017) (citing *id.*). "A parallel state proceeding is a pending matter 'involving the same parties and presenting [the] opportunity for ventilation of the same state law issues.'" *Id.* at 284 (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 283 (1995)). In deciding whether parallel proceedings exist, the district court must "consider whether the proceeding before it is substantially similar to

a contemporaneous state proceeding." *Kelly*, 868 F.3d at 286. "Proceedings are not parallel merely because they have the potential to dispose of the same claims." *Id.* at 283.

## III. ANALYSIS

### A. Because there is no parallel state proceeding and the *Reifer* factors weigh in favor of jurisdiction, this Court will exercise jurisdiction of the instant declaratory judgment action.

Initially, this Court finds that it has diversity jurisdiction over the matter pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000 and the parties are citizens of different states.

Next, the Court finds that the underlying state tort action is not a parallel proceeding. The first consideration regarding the involvement of the same parties is not met because Foremost is not a party to the state court complaint. Also, this declaratory judgment complaint is not substantially similar to the state tort action. Although both cases arise from the same set of facts, the Policy plays no part in the state action. Further, deciding the sole issue in the state tort action: the alleged negligence of Nosam, LLC and Cathy Kopicz, will not resolve the issue in this case of whether Foremost has a duty to defend and indemnify. To decide the instant declaratory judgment action, the Court must determine whether carbon monoxide is a "pollutant" under the Pollution Exclusion in the Policy and whether the carbon monoxide poisoning may have resulted from an "accidental fire" as that term is defined in the Policy. These issues are distinct from the tort action. *See Homesite Ins. Co. v. Neary*, No. 17-2297, 2017 U.S. Dist. LEXIS 184990, at *8 (E.D. Pa. Nov. 8, 2017) (concluding that there was no pending parallel state proceeding because the insurance company was not a party to the state civil action and no action for declaratory relief had been filed in that court, and also that the questions of whether

the insurance policy covered the insured's potential liability and whether the insured was in fact liable were distinct issues).

Finally, the absence of a parallel proceeding, which weighs heavily in favor of exercising jurisdiction, is not outweighed by opposing factors. As to the first *Reifer* factor, a decision in this action will resolve the uncertainty of Foremost's obligation to defend and indemnify, and therefore weighs in favor of exercising jurisdiction. *See Kelly*, 868 F.3d at 288 (holding that "a declaratory judgment by the District Court would resolve the uncertainty that prompted filing of the Declaratory Action"). Second, no parties would be inconvenienced if the Court exercises jurisdiction because Defendants are residents of Berks County, which is in the Eastern District of Pennsylvania, and Foremost, which is the diverse party, is asking this Court to retain jurisdiction. *See Allied World Specialty Ins. Co. v. Indep. Blue Cross*, No. 17-1463, 2017 U.S. Dist. LEXIS 179962, at *9 (E.D. Pa. Oct. 31, 2017) (concluding that the second *Reifer* factor weighed in favor of exercising jurisdiction because the defendant had its principal place of business in Pennsylvania, and the plaintiff chose the forum in filing the action). The third factor is neutral because there is not any public interest at stake other than the usual interests in fair adjudication, which this Court is well-equipped to address. *See id.* (finding that it was "'well-equipped' to address 'the usual [public] interest in the fair adjudication of legal disputes'" (quoting *Kelly*, 868 F.3d at 288)). Fourth, Foremost is not a party in the state action and even if it could seek declaratory relief in the state court, to do so now would require the filing of a new action. *See Nationwide Prop. & Cas. Ins. Co. v. Zatyko,* No. 16-1010, 2016 U.S. Dist. LEXIS 159563, at *10 (E.D. Pa. Nov. 16, 2016) (determining that the fourth *Reifer* factor either weighed in favor of exercising jurisdiction or was neutral because even though the parties could seek declaratory relief in state court, they would be required the commence a new action in state court). As to the

5
011118

fifth and sixth factors, the same issues are not pending in state court and there is no need to avoid duplicative litigation. *See Kelly*, 868 F.3d at 289 (finding that the absence of a parallel proceeding meant that the general policy of restraint did not apply and there was no concern with duplicative litigation). Seventh, there is no concern with preventing the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for res judicata. *See Zatyko,* 2016 U.S. Dist. LEXIS 159563, at *10 (concluding that there did not appear to be any concerns about the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for res judicata, especially because there was no pending parallel state action). Eighth, Foremost is not a party in the state tort action and, regardless, any inherent conflict of interest between Foremost's position in this declaratory judgment action and what might be raised in the state action would be the same regardless of whether the insurance coverage dispute is litigated in state or federal court. *See Homesite Ins. Co. v. Neary*, No. 17-2297, 2017 U.S. Dist. LEXIS 184990, at *8-9 (E.D. Pa. Nov. 8, 2017) (finding the eighth *Reifer* factor neutral for this reason). Accordingly, after balancing these factors, this Court finds no reason to decline jurisdiction.

**B.     Plaintiff's motion for summary judgment is denied without prejudice to renew after a period of discovery.**

Defendants Gina Sylvestre, Barbara LeBrun, and Jeffrey LeBrun contend that because the precise nature of the furnace malfunction, which led to the carbon monoxide poisoning, is currently unknown and no discovery has taken place in this case, a ruling on the summary judgment motion is premature. *See* Resp. Mot. Summ. J. 3-5, ECF No. 17. They ask for an opportunity to conduct discovery to determine whether the carbon monoxide poisoning may have resulted from an "accidental fire." *Id.*

As mentioned above, a decision in this action depends not only on the applicability of the Pollution Exclusion, but also on whether the carbon monoxide poisoning resulted from an "accidental fire" as that term is defined in the Policy. Accordingly, Defendants' request to conduct discovery is granted. *See* Fed. R. Civ. P. 56(d)(2) (providing that if a party opposing a motion for summary judgment declares, "for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . allow time to . . . take discovery. . ."). In light of the fact that no period of discovery was previously authorized, this Court denies the Motion for Summary Judgment without prejudice to be refiled after the completion of discovery. *See* Fed. R. Civ. P. 56(d)(1) (stating that where facts are unavailable to the party opposing summary judgment, the court may "defer considering the motion or deny it"). A scheduling order setting discovery deadlines will follow by separate order.

IV.  **CONCLUSION**

As discussed herein, because there is no parallel state proceeding and the *Reifer* factors weigh in favor of this Court exercising jurisdiction under the DJA, the Court will exercise jurisdiction of the action. Further, because Defendants need time to conduct discovery before this Court can rule on Plaintiff's Motion for Summary Judgment, the Motion is denied without prejudice.

A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

7
011118